**United States District Court**
**Central District of California**

**JS-3**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | **Docket No.** | EDCR24-00177-JGB-1 |

**Defendant**   STEVEN BARNDOLLAR

akas:   Moniker: Chops

**Tax ID No.**   N   O   N   E
(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

| MONTH | DAY | YEAR |
|---|---|---|
| May | 4 | 2026 |

In the presence of the attorney for the government, the defendant appeared in person on this date.

**COUNSEL**   Ayah Sarsour, DFPD
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

### Count 1:  18 U.S.C. § 922(g)(1): Fellon in Possession of a Firearm and Ammunition

**JUDGMENT AND PROB/ COMM ORDER**

The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:  **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Steven Barndollar, is hereby committed on Count 1 of the Indictment to the custody of the Bureau of Prisons for a term time served.**

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The Court has found that the property identified in the preliminary order of forfeiture is subject to forfeiture. The preliminary order is incorporated by reference into this judgment and is final.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Steven Barndollar, is hereby committed on Count 1 of the Indictment to the custody of the Bureau of Prisons for a term time served.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

USA vs.    STEVEN BARNDOLLAR                                        Docket No.:    EDCR24-00177-JGB-1

2. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. When not in residential drug treatment the defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4. The defendant shall be placed in a dual diagnosis residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, and mental health which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program for a period of nine months.  If a nine-month program is not available, the defendant may be placed in a residential drug treatment program for a period of six months, to be followed by a three-month dual diagnoses program.

5. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

6. The defendant shall cooperate in the collection of DNA sample from the defendant.

Defendant was informed of his right to appeal.

May 4, 2026
Date

Jesus G. Bernal, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

May 4, 2026
Filed Date

By

Maynor Galvez, Deputy Clerk

USA vs.   STEVEN BARNDOLLAR                          Docket No.:   EDCR24-00177-JGB-1

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

USA vs.   STEVEN BARNDOLLAR                                  Docket No.:   EDCR24-00177-JGB-1

Defendant delivered on                                                    to

Defendant noted on appeal on

Defendant released on

Mandate issued on

Defendant's appeal determined on

Defendant delivered on                                                    to

at

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

Date                                                                      Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

Filed Date                                                                Deputy Clerk

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)

Defendant                                                                 Date

U. S. Probation Officer/Designated Witness                                Date